IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

THOMAS GAINOR,

        Plaintiff,                    13cv00117
                                              **ELECTRONICALLY FILED**
        v.

VENTIV COMMERCIAL SERVICES L.L.C.,
and BOEHRINGER INGELHEIM
PHARMACEUTICALS, INC.,

        Defendants.

## MEMORANDUM OPINION RE: DEFENDANT'S MOTION TO DISMISS THE AMENDED COMPLAINT (DOC. NO. 30)

**I. Introduction**

Currently before the Court is Defendant Ventiv Commercial Services' ("Ventiv's") Motion to Dismiss. Doc. No. 30. Plaintiff, Thomas Gainor, alleges that Ventiv violated Title VII of the Civil Rights Act of 1964 when Ventiv discriminated against him because of his gender. Doc. No. 26.

On January 23, 2013, Plaintiff filed a Complaint in the United States District Court for the Western District of Pennsylvania. Doc. No. 1. Plaintiff named both Boehringer Ingelheim Pharmaceuticals ("Boehringer") and Ventiv as Defendants, and Plaintiff alleged that he was subject to gender discrimination, on four specific occasions, in violation of Title VII. Id. Both Boehringer and Ventiv filed Motions to Dismiss on June 24, 2013. Doc. Nos. 14, 16. After Plaintiff failed to timely respond to either Motion, this Court granted Plaintiff's Motion for Leave to Respond out of time. Doc. No. 22. On July 10, 2013, Plaintiff filed a two count Amended Complaint, which alleged that Boehringer and Ventiv violated Title VII when the

Defendants failed to rehire Plaintiff in August 2010. Doc. No. 26. Based on Plaintiff's filing, the Court denied both pending Motions to Dismiss as moot. 07/11/13 Text Order.

On July 17, 2013, Boehringer filed its Answer and Affirmative Defenses. Doc. No. 29. Ventiv filed a Motion to Dismiss the Amended Complaint, which is presently at issue. Doc. No. 30. Ventiv argues that Plaintiff failed to satisfy the timing and exhaustion requirements under 42 U.S.C. § 2000e-5(e)(1), and therefore, Plaintiff's claim is barred by the applicable statute of limitations. Doc. No. 31.

For the reasons that follow, Defendant Ventiv's Motion to Dismiss the Amended Complaint (Doc. No. 30) will be **DENIED**.

**II. Factual Background**

When reviewing a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6), the Court accepts all factual allegations in the Complaint as true and draws all reasonable inferences in favor of the Plaintiff. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). Taking Plaintiff's factual allegations to be true solely for the purposes of this Memorandum Opinion, the facts of the case are as follows:

On August 11, 2010, John Facciolla ("Facciolla"), a representative of Ventiv, screened Plaintiff for a sales position with Plaintiff's former employer, Boehringer. Doc. No. 26, ¶¶ 9, 20, 26. Facciolla told Plaintiff that he would be a "perfect fit" and recommended Plaintiff for an interview with Rachel Warrington ("Warrington"), on August 13, 2010. Id. at ¶¶ 27, 28. Plaintiff notified Warrington, via text message, of Facciolla's recommendation. Id. at ¶ 29. Warrington did not contact Plaintiff, and Plaintiff was not given an interview. Id. at ¶ 31.

On August 20, 2010, Plaintiff filed a charge against Boehringer with the Equal Employment Opportunity Commission ("EEOC"). Id. at ¶ 53. The EEOC notified Plaintiff that

there was delay in assigning his case to Victoria Rodia ("Rodia"), an EEOC investigator. Id. at ¶¶ 54, 55. In July 2011, Rodia informed Plaintiff that evidence provided by Boehringer indicated that Ventiv was involved in the decision not to rehire Plaintiff. Id. at ¶ 57. Prior to July 2011, Plaintiff did not know Ventiv was involved, nor did Plaintiff have "credible evidence" from an EEOC investigator to support a claim against Ventiv. Id. at ¶¶ 57, 58.

On August 22, 2011, three-hundred and seventy-four (374) days after the proposed interview date, Plaintiff filed his charge against Ventiv. Id. at ¶ 58.

**III. Standard of Review**

In considering a Rule 12(b)(6) motion, Federal Courts require notice pleading, as opposed to the heightened standard of fact pleading. Fed. R. Civ. P. 8(a)(2) requires only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds on which it rests.'" *Bell Atlantic Corp. v. Twombly,* 550 U.S. 554, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Building upon the landmark United States Supreme Court decisions in *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the United States Court of Appeals for the Third Circuit explained that a District Court must undertake the following three steps to determine the sufficiency of a complaint:

> First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013) (citation omitted).

The third step of the sequential evaluation requires this Court to consider the specific nature of the claims presented and to determine whether the facts pled to substantiate the claims are sufficient to show a "plausible claim for relief." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013). "While legal conclusions can provide the framework of a Complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 664.

This Court may not dismiss a Complaint merely because it appears unlikely or improbable that Plaintiff can prove the facts alleged or will ultimately prevail on the merits. *Twombly*, 550 U.S. at 563 n.8. Instead, this Court must ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements. *Id.* at 556. Generally speaking, a Complaint that provides adequate facts to establish "how, when, and where" will survive a Motion to Dismiss. *Fowler*, 578 F.3d at 212.

In short, a Motion to Dismiss should not be granted if a party alleges facts, which could, if established at trial, entitle him/her to relief. *Twombly*, 550 U.S. at 563 n.8.

**IV. Discussion**

Defendant Ventiv argues that Plaintiff's Amended Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6), because Plaintiff failed to satisfy the timing and exhaustion requirements when Plaintiff filed his Title VII charge 374 days after the alleged violation. Generally, a claimant must file a charge with the EEOC "within three hundred (300) days after the alleged unlawful employment practice." 42 U.S.C. § 2000e-5(e)(1). Plaintiff contends that the discovery rule delayed the accrual date until July 2011, when Plaintiff learned that Defendant Ventiv was involved in the hiring decision. Defendant Ventiv argues that the discovery rule should not apply.

"The statute of limitations *may* be the basis of a motion to dismiss, provided the complaint on its face shows noncompliance with the applicable limitations period and the affirmative defense clearly appears on the face of the pleading." *Rogan v. Giant Eagle, Inc.*, 113 F. Supp. 2d 77, 780 (W.D. Pa. 2000) (emphasis added) (*quoting Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1385 n. 1 (3d Cir. 1994)), aff'd 276 F.3d 579 (3d Cir. 2001)).

Plaintiff has pled sufficient factual allegations to establish that the discovery rule could apply in this situation. "The discovery rule . . . delay[s] the initial running of the statutory limitations period . . . , but only until the plaintiff has discovered or, by exercising reasonable diligence, should discover (1) that he or she has been injured, and (2) that this injury has been cause by another party's conduct." *Oshiver*, 38 F.3d at 1386 (*citing Bohus v. Beloff*, 950 F.2d 919, 924 (3d Cir. 1991)). "A claim accrues . . . as soon as a potential claimant either is aware, or should be aware, of the existence of and source of an injury." *Id.* (*citing Keystone Ins. Co. v. Houghton*, 863 F.2d 1125, 1127 (3d Cir. 1988)).

Plaintiff pled that he was unaware of Defendant Ventiv's involvement in the hiring decision until investigator Rodia informed him. Therefore, Plaintiff creates a reasonable inference that the source of his injury was unknown to him until July 2011, which if true, necessitates that his claim against Defendant Ventiv was timely filed. The date of accrual does not depend on the subjective knowledge of the individual, but instead is determined by assessing whether a person acting with "reasonable diligence" should have discovered that Defendant Ventiv was involved. *Id.* Reasonableness is a question of fact, and therefore, will remain unanswered at this early stage of the proceedings.

For the limited purpose of surviving Defendant's Motion to Dismiss, Plaintiff has pled sufficient factual allegations to establish that the discovery rule could apply in this situation,

because Plaintiff was unaware of Defendant Ventiv's involvement in the hiring decision until July 2011.

## V. Conclusion

For the reasons discussed above, Defendant Ventiv's Motion to Dismiss under 12(b)(6) will be **DENIED.**

An appropriate Order follows.

/s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All Registered ECF Counsel and Parties